CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/2/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ZACHARY R. COLEMAN, | ) |
| *Plaintiff,* | ) Civil Case No: 6:23CV00018 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| JENNIFER AYERS, in her individual capacity, and LYNN MUTERSPAUGH, in her individual capacity, | ) |
| *Defendants.* | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Zachary Coleman, by counsel, and alleges the following:

1. This Court has jurisdiction over this cause under 28 U.S. Code §1331 in that this case arises under 42 U.S. Code §1983 for redress of violations of Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution.

2. Venue is proper in this Court under 28 U.S. Code §1391.

3. This action was previously filed in this Court at Case No. 6:20cv00049. The case against above-named Defendants was dismissed without prejudice on March 31, 2023 when Plaintiff could not serve Defendants in the time allowed. Plaintiff seeks to pursue these Defendants in this case and consolidate this action with the prior case.

### Parties

4. Plaintiff, Zachary Coleman, is a citizen of the United States and of the Commonwealth of Virginia, currently residing in Rockbridge County. Plaintiff was a nineteen-year-old resident inmate of the Rockbridge Regional Jail from August 8, 2018 to Sept 7, 2018 and from December 28, 2018 to May 28, 2019.

5.     Defendants Jennifer Ayers and Lynn Muterspaugh are citizens of the United States and of the Commonwealth of Virginia.  At the relevant times, they were uniformed correctional officers at the Rockbridge Regional Jail while Plaintiff was held there.  They had authority to reassign inmates to other cells.

## Summary of Facts

6.     Plaintiff was a resident inmate at the Rockbridge Regional Jail from approximately August 8, 2018 until May 27, 2019.  Plaintiff was released on bond from September 7, 2018 to December 28, 2018.

7.     Prior to August 8, 2018, Defendants knew that George Jones, David Hosteter, Elijah Bobbit, and Tommy Coleman were dangerous criminals.

8.     Prior to August 8, 2018, Defendants knew that George Jones was in the Aryan Brotherhood and had nearly killed a woman.

9.     Prior to August 8, 2018, Defendants knew that Elijah Bobbitt was a dangerous child molester.

10.    Despite that knowledge, The Rockbridge Regional Jail assigned Plaintiff to a cell with George Jones and David Hosteter on or about August 8, 2019.

11.    Shortly after this assignment, Jones and Hosteter began assaulting Plaintiff multiple times per day.  The worst assaults routinely consisted of Hosteter holding Plaintiff down on a bunk while Jones savagely beat Plaintiff about the legs and ankles until Plaintiff was bloody and bruised.

12.    The campaign of abuse against Plaintiff also included attacking Plaintiff while he slept, at least one attempt to compel Plaintiff to consume an unknown pharmaceutical, and a

threat to penetrate Plaintiff's anus with a toothbrush. This campaign was well known to defendants who did nothing to stop the abuse or separate Plaintiff from the abusers.

13. The beatings continued until August 19, 2018 (or thereabout) until Plaintiff was finally housed separately from Jones and Hostetter. Plaintiff suffered bruises, bled, and has suffered lasting psychological damage which has caused him to seek counseling.

14. At no point was Plaintiff made aware of a complaint procedure or any other means of redress.

15. Plaintiff was able to bond out of the Rockbridge Regional Jail on September 7, 2018.

16. In early 2019, after Plaintiff had returned to the Rockbridge Regional Jail. In February, 2019 Plaintiff was assigned to a cell with Elijah Bobbitt and Tommy Coleman.

17. Starting in February 2019 and continuing through April 2019, Bobbitt and, to a lesser extent, Coleman pursued a campaign of sexual harassment and assault against Plaintiff.

18. This campaign included: making harassing comments, stuffing their hands down Plaintiff's pants, groping Plaintiff, and inserting a hand inside Plaintiff.

19. Plaintiff suffered bleeding from this campaign of sexual assault, including a bloody stool. Plaintiff has also suffered lasting psychological damage which has caused him to seek counseling.

20. This campaign was well known to defendants who did nothing to stop the abuse or separate Plaintiff from the abusers.

21. Again, Plaintiff was provided no means of making a complaint or otherwise seeking redress for his situation.

22.     This campaign lasted until Plaintiff became very ill in April, 2019.  It was only Plaintiff's medical emergency that finally separated him from the Elijah Bobbitt and ended the campaign of sexual harassment.

### Count I: Failure to protect from cruel and unusual punishment (a continuing campaign of assault) by failing to reassign Jones and Hosteter to a different pod earlier in August, 2018

23.     Plaintiff re-alleges paragraphs 1 through 22 and incorporates them into this Count by reference.

24.     The Count I defendants are Jennifer Ayers and Lynn Muterspaugh.

25.     Upon information and belief, any uniformed officer at the Rockbridge Regional Jail has the discretion to make housing adjustments.  At any time, with justifiable reasons, such an officer may move or reassign an inmate to another cell or housing unit.

26.     The Count I defendants knew Plaintiff was suffering an ongoing campaign of assaults during the period August 8, 2018 to August 19, 2018 (or similar dates) (hereinafter, the "first assault campaign").

27.     Upon information and belief, any correctional officer who had conducted rounds during the first assault campaign would have known about the assaults because (a) the Rockbridge Regional Jail is so small that Plaintiff's screams could be heard throughout the facility, and (b) the assaults were so frequent that most, if not all, correctional officers would have witnessed the assaults during rounds or via surveillance cameras.

28.     Plaintiff also remembers that The Count I defendants knew of the first assault campaign.

29.     Upon information and belief, there was a policy in the Rockbridge Regional Jail prohibiting inmates from ever entering a cell to which they were not assigned.

30. Most, if not all, of the first assault campaign occurred in Plaintiff's cell when Jones and Hostetter entered it to beat Plaintiff multiple times per day during that period.

31. Any correctional officer witnessing Jones and/or Hostetter in Plaintiff's cell would know that Jones and/or Hostetter were violating jail policy whether they were attacking Plaintiff or not because Jones and Hostetter were not assigned to the same cell as Plaintiff.

32. Failing to reassign Plaintiff and Jones/Hostetter to separate pods was the proximate cause of Plaintiff's continued injury in the first assault campaign because Plaintiff was unable to defend himself against Jones and Hostetter while they were all still housed in the same pod.

33. Failing to reassign Plaintiff and Jones/Hostetter to separate pods was also the proximate cause of Plaintiff's continued injury in the first assault campaign because Jennifer Ayers knew the first assault campaign was occurring and continuing yet she did nothing to separate Plaintiff from Jones/Hostetter.

34. Plaintiff was left in the same pod as George Jones and David Hostetter in deliberate disregard to the reasonably foreseeable danger of continued assault on Plaintiff in the first assault campaign.

35. Failing to reassign Plaintiff and Jones/Hostetter to separate pods constituted callous and deliberate indifference to Plaintiff's safety and resulted in the assaults and the consequent injuries, including psychological damage. The failure to reassign was a violation of Plaintiff's Eighth Amendment constitutional right to be free from assault by fellow inmates or some other right and is actionable under 42 U.S.C. § 1983. The Count I defendants committed said violation while acting under color of state law.

36. Upon information and belief, the Rockbridge Regional Jail had a policy to separate inmates who assaulted other inmates and further prohibit them from having contact with each other as long as they were all incarcerated at that facility (hereinafter, the "no contact" policy). The Count I defendants, acting under color of state law, failed to enforce this policy, leading to repeated, daily assaults and injuries to Plaintiff as Jones and Hostetter attacked him until Plaintiff was moved to a new cell on August 19, 2018. Such failure was due to inadequate training, inadequate supervision, deficient hiring, inexcusable incompetence or some combination of the foregoing.

### Count II: Punishment of Plaintiff rather than those who assaulted him

37. Plaintiff re-alleges paragraphs 1 through 22 and incorporates them into this Count by reference.

38. The Count II defendant is Jennifer Ayers.

39. Upon information and belief, Jennifer Ayers knew that Plaintiff had been the victim of Jones and Hostetter in the first assault campaign.

40. Upon information and belief, Jennifer Ayers moved Plaintiff away from Jones and Hostetter on or about August 19, 2018 and into cell 203, also known as the drunk tank.

41. Upon information and belief, moving an inmate to the drunk tank was used as a punishment in the Rockbridge Regional Jail.

42. Despite knowing that Plaintiff was the victim of the first assault campaign, Ayers punished Plaintiff by moving him to the drunk tank.

43. Ayers did this in deliberate disregard of Plaintiff's right to be free from arbitrary and capricious punishment or cruel and unusual punishment.

44. Failing to provide or implement a process to separate victims from perpetrators without further punishing victims constituted callous and deliberate indifference to Plaintiff's safety and resulted in further injury. This failure violated Plaintiff's Eighth Amendment constitutional right to be free from cruel and unusual punishment or some other right and is actionable under 42 U.S.C. § 1983. Ayers committed said violation while acting under color of state law.

### Count III: Failure to protect from cruel and unusual punishment (a continuing campaign of sexual assault) by failing to reassign Bobbitt and Coleman to a different cell in February to April, 2019

45. Plaintiff re-alleges paragraphs 1 through 22 and incorporates them into this Count by reference.

46. The Count III defendants are Jennifer Ayers and Lynn Muterspaugh.

47. Upon information and belief, any uniformed officer at the Rockbridge Regional Jail has the discretion to make housing adjustments. At any time, with justifiable reasons, the officer may move or reassign an inmate to another cell or housing unit.

48. The Count III defendants knew Plaintiff was suffering an ongoing campaign of assaults by Bobbitt and Coleman during the period February-April, 2019 (a/k/a the "second assault campaign").

49. Upon information and belief, any correctional officer who had conducted rounds during the first assault campaign would have known about the assaults because the assaults were so frequent that most, if not all, correctional officers would have witnessed the assaults during rounds or via surveillance cameras.

50. Plaintiff also remembers that the Count III defendants identified above knew of the second assault campaign.

51. Failing to reassign Plaintiff and Bobbitt/Coleman to separate pods was the proximate cause of Plaintiff's continued injury in the second assault campaign because Plaintiff was unable to defend himself against Bobbitt and Coleman while they were all still housed in the same pod and cell.

52. Failing to reassign Plaintiff and Bobbitt/Coleman to separate pods was also the proximate cause of Plaintiff's continued injury in the second assault campaign because the Count III defendants knew the second assault campaign was occurring and continuing yet the The Count III defendants did nothing to separate Plaintiff from Bobbitt/Coleman.

53. Plaintiff was left in the same pod as Bobbitt/Coleman in deliberate disregard to the reasonably foreseeable danger of continued assault on Plaintiff during the second assault campaign.

54. Failing to reassign Plaintiff and Bobbitt/Coleman to separate pods constituted callous and deliberate indifference to Plaintiff's safety and resulted in the assaults and the consequent injuries. The assignment was a violation of Plaintiff's Eighth Amendment constitutional right to be free from assault by fellow inmates or some other right and is actionable under 42 U.S.C. § 1983. The Count III defendants committed said violation while acting under color of state law.

55. Upon information and belief, the Rockbridge Regional Jail had a policy to separate inmates who assaulted other inmates and further prohibit them from having contact with each other as long as they were all incarcerated at that facility (the "no contact" policy). The Count III defendants, acting under color of state law, failed to enforce this policy at all and Plaintiff was not removed from the cell until he suffered a medical emergency that required transportation to the hospital in April 2019. Such failure was due to inadequate training,

inadequate supervision, deficient hiring, inexcusable incompetence or some combination of the foregoing.

WHEREFORE, the Plaintiff prays that judgement be entered:

A. Ordering Defendants to pay Plaintiff the sum of $3,000,000 in actual damages for physical injuries, mental injuries, and any other injuries;

B. Ordering Defendants to pay Plaintiff the sum of $3,000,000 in punitive damages;

C. Ordering Defendants to pay all costs incurred in prosecution of this lawsuit, including reasonable attorney's fee pursuant to 42 USC § 1988(b);

D. Ordering that Defendants alter, amend, and/or implement such policies and procedures, surveillance methods and classification policies and/or procedures to ensure that inmates are not subjected to the same risk of assault, abuse, and intimidation to which Plaintiff was subjected; and

E. Granting such other relief as this Court deems just and proper.

ZACHARY R. COLEMAN

/s/ Charles H. Nave
Plaintiff's Counsel

Charles H. Nave, Esq. (VSB No: 43585)
CHARLES H. NAVE, P.C.
316 Mountain Avenue, S.W.
Roanoke, Virginia 24016
(540) 345-8848
(540) 301-4926 facsimile
charlie@nave-law.com
    *Counsel for Plaintiff*