CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/15/2023

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **ZACHARY R. COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 6:23-cv-00018** |
| | ) | |
| **JENNIFER AYERS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff, Zachary Coleman, filed suit against Jennifer Ayers and Lynn Muterspaugh, correctional officers working at the Rockbridge Regional Jail ("the Jail") during his detention and subsequent incarceration there. He alleges three counts of violations of his Eighth Amendment rights under 42 U.S.C. § 1983 and specifically alleges that Ayers and Muterspaugh placed him with other inmates knowing that these inmates would beat or otherwise abuse him. Dkt. 1. Ayers and Muterspaugh filed a motion to dismiss and argue that Coleman's claims are barred by the two-year statute of limitations applicable to § 1983 claims. Dkt. 6. Because Coleman's claims are time barred, I **GRANT** the motion to dismiss **WITH PREJUDICE**.

### I.      Complaint

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). I accept all factual allegations in the complaint as true and draw all reasonable inferences in Coleman's

favor as the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not entitled to the same presumption of truth. Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of the cause of action"). The argument that the statute of limitations bars a plaintiff's cause of action is an affirmative defense that may be raised under a 12(b)(6) motion to dismiss. United States v. Kivanc, 714 F.3d 782, 789 (4th Cir. 2013).

Coleman alleges in his Complaint that he was detained pre-trial at the Jail from August 8, 2018 to September 7, 2018, and incarcerated serving a sentence from December 28, 2018[1] to May 28, 2019.[2] He alleges claims against Ayers and Muterspaugh for the period from August 8, 2018 until August 19, 2018, for assigning him to a cell with two inmates whom he describes as "dangerous criminals" and whom he claims assaulted him multiple times per day. Dkt. 1 at 2–3. Coleman asserts a claim only against Ayers for moving him to "the drunk tank" on August 19, 2018, which Coleman alleges punished him and not the perpetrators of the assault. Id. at 6–7. He also asserts claims against Ayers and Muterspaugh beginning in February 2019, when Coleman was assigned to a cell with two other inmates, who "pursued a campaign of sexual harassment and assault against Plaintiff[,]" which lasted until April 2019. Id. at 3.

This action was preceded by a materially identical lawsuit which Coleman brought against Ayers and Muterspaugh and several other correctional officers. See Coleman v. Higgins, 6:20-cv-49, Dkt. 1. On March 31, 2022, I dismissed Ayers and Muterspaugh from that action without prejudice because Coleman failed to effect service as required under Fed. R. Civ. P.

---

[1] Coleman was out on bond from September 7, 2018 until December 28, 2018. Dkt. 1 at 2.
[2] In his Complaint, Coleman alleges that his release date was both May 27, 2019, and May 28, 2019. Dkt. 1 at 1, 2.

4(m).[3] Id. at Dkt. 156. Coleman filed the instant action against Ayers and Muterspaugh on April 2, 2023. Dkt. 1.

## II.    Analysis

Because Congress did not set time limits for filing a § 1983 action, the applicable statute of limitations is governed by the general personal injury limitation period in the state where the action arises. Owens v. Okure, 488 U.S. 235, 239–41, 250 (1989). In Virginia, general personal injury actions must be commenced within two years from the date on which the claim accrues. Va. Code § 8.01-243(A); A Society Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995).

Here, Coleman alleges three causes of action with different accrual dates. Count I alleges failure to protect from cruel and unusual punishment from August 8–19, 2018. Dkt. 1 at 4. Count II alleges punishment of Coleman rather than those who assaulted him on August 19, 2018. Id. at 6. Thus, the federal causes of action for Count I and II accrued no later than August 19, 2018. Absent tolling, the two-year statute of limitations would thus have expired on August 19, 2020. Count III alleges failure to protect from cruel and unusual punishment from February to April 2019. Id. at 7. Thus, the federal cause of action for Count III accrued no later than April 30, 2019. Absent tolling, the two-year statute of limitations would thus have expired on April 30, 2021. Coleman did not file this action until April 2, 2023. Therefore, unless the limitations period was tolled, Coleman's claims are time barred.

---

[3] In relevant part, Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

During the COVID-19 pandemic, the Supreme Court of Virginia tolled all statutes of limitations for the 126 days from March 16, 2020, through July 19, 2020. English v. Quinn, 76 Va. App. 80, 92 (Nov. 29, 2022). Giving Coleman the benefit of the COVID-19 tolling, his statutes of limitations would have run on December 23, 2020, for Counts I and II and on September 3, 2021, for Count III. Even with the benefit of this COVID-19 tolling, Coleman's claims are time barred without further tolling.

Coleman argues that the filing of Coleman v. Higgins on August 4, 2020, tolled the two-year statute of limitations until March 31, 2023, when Ayers and Muterspaugh were dismissed from that action.[4] Dkt. 10 at 2–3. Federal courts applying state statutes of limitations must also "apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985). Virginia Code § 8.01-229(E)(1) provides that

> Except as provided in subdivision 3, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

An action is commenced for statute of limitations purposes when the complaint is filed if service of process is accomplished within 90 days, as required by Fed. R. Civ. P. 4(m), and the plaintiff has exercised due diligence in the service of process. See Arabian v. Bowen, 966 F.2d 1441 (table decision), 1992 WL 154026, at *2 (4th Cir. 1992).[5] Where a plaintiff fails to serve a defendant within the 90-day period, the statute of limitations does not toll because the action never commenced. See Doe v. Va. Polytechnic Inst. & State Univ., 617 F. Supp. 412, 435

---

[4] Ayers and Muterspaugh were not initially defendants in Coleman v. Higgins. On February 9, 2021, Coleman filed a Motion to Amend, which was granted on September 30, 2021, and added Ayers and Muterspaugh as defendants.
[5] Arabian notes that service of process must be accomplished "within 120 days, as required by Fed. R. Civ. P. 4(j)." 1992 WL 154026, at *2. In 1993, Rule 4 was amended, and Subsection (m) replaced Subsection (j). Then, in 2015, Rule 4 was amended to reduce the time for serving a defendant from 120 days to 90 days.

(W.D. Va. 2022) (Urbanski, J) ("Because Doe failed to timely serve the 2020 lawsuit and it was dismissed without prejudice, federal law compels the conclusion that it had not been commenced for the purposes of applying the tolling provision set forth in Virginia Code § 8.01-229(E)(1)."); Stump v. Wilkie, No. 7:20-cv-00369, 2021 WL 2044201, at *4 (W.D. Va. May 21, 2021) (Dillon, J) ("Generally, outside the Title VII context—if a suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." (internal quotation marks omitted)); Broome v. Iron Tiger Logistics, Inc., No. 7:17-cv-444, 2018 WL 3978998, at *3 (W.D. Va. Aug. 20, 2018) (Urbanski, J.) ("[C]ourts have ruled that the statute of limitations is not tolled for actions dismissed without prejudice for failure to properly serve.").

Here, Coleman's 2020 lawsuit was dismissed without prejudice as it related to Ayers and Muterspaugh for failing to timely serve.[6] Because Coleman failed to timely serve the 2020 lawsuit and it was dismissed without prejudice, the action had not been commenced for the purposes of applying the tolling provision set forth in Virginia Code § 8.01-229(E)(1). Coleman did not file his lawsuit until April 2, 2023, after the statutes of limitations for each of his separate causes of action had expired. Accordingly, Coleman's claims against Ayers and Muterspaugh are time-barred, and I dismiss this case with prejudice.

---

[6] In his 2020 lawsuit, Coleman filed several motions for extension of time, which extended his time to serve remaining defendants, including Ayers and Muterspaugh, to July 8, 2022. Coleman did not serve Ayers and Muterspaugh by July 8, 2022, and Judge Moon entered an Order to Show Cause on August 10, 2022. That day, Coleman filed another motion to extend time to serve or to dismiss under Rule 41(a)(1)(A)(i). On March 31, 2023, I denied the motion and dismissed the action without prejudice as it related to Ayers and Muterspaugh. Even if the Court had ruled on Coleman's motion to extend time to serve earlier than March 2023, Coleman's statute of limitations still would have run. Even with the several granted motions for extension of time, Coleman was still outside the statute of limitations window.

### III.     Conclusion

Coleman's claims against Ayers and Muterspaugh are time-barred. Accordingly, I

**GRANT** the motion to dismiss **WITH PREJUDICE**.

It is so **ORDERED**.

Entered:  June 15, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge